Requestor: Arthur Carl Spring, Esq., County Attorney County of Fulton County Building Johnstown, N Y 12095
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked several questions regarding financial disclosure by local officials. First, you have explained that the Fulton-Montgomery Community College is located within Fulton County and is governed by a board of trustees appointed by the Governor and both county boards. You have asked whether Fulton County has the right to require all the members of the board of trustees of the college to file disclosure forms with that county or whether the county has this power only with respect to those trustees who are appointed by the Fulton County board of supervisors. Currently, only the trustees appointed by Fulton County are required to file financial disclosure forms with the county.
Community colleges are specifically excluded from the definition of State agency and, therefore, do not fall within the State financial disclosure requirements. Public Officers Law § 73-a(1)(b). We believe that this is a decision by the Legislature, for financial disclosure purposes, to treat the county or counties as the public employer of community college personnel. Opinions of the Attorney General have found that a county is the public employer and local sponsor of a community college. 1987 Op Atty Gen (Inf) 78; 1975 Op Atty Gen (Inf) 108. We have found that community college trustees are officers of the county which serves as local sponsor of the college. 1982 Op Atty Gen (Inf) 107.
Community college trustees, as county officers, are required to file financial disclosure forms as required by sections 811 and812 of the General Municipal Law. Here, however, we have a community college formed for the benefit of two counties (community college region — Education Law § 6310). While a community college regional board of trustees is a body corporate and is deemed to be a municipal employer for purposes of the Civil Service Law and the Taylor Law (Education Law § 6310[4], [11], [12]), we do not view this as a basis for exempting regional trustees from financial disclosure requirements.
Regional trustees are appointed by several parties — some by each county serving as a sponsor and some by the Governor. Education Law § 6310(1). In our view, all of these trustees should be considered to be local officers for purposes of filing financial disclosure forms. Thus, they are required to file these forms. State law does not indicate, however, where trustees and other officers and employees of regional community colleges who must file disclosure forms, are required to file. Cf., General Municipal Law § 812(1)(g). This community college represents a region of two counties. You have informed us that the two counties have substantially the same disclosure requirements. We believe the counties must specify where trustees and other required filers are to file.
Secondly, you have asked whether the department heads of the community college must file financial disclosure forms. Reporting is required by a "local officer or employee" which is defined as the heads of any agency, department, division, etc. of a political subdivision, their deputies and assistants, and the officers and employees of such agencies, departments and divisions who hold policy-making positions as annually determined by the appointing authority. General Municipal Law § 810(3). Thus, the counties are required by law to evaluate their personnel and make this determination.
Finally, you have asked whether the administrators and department heads of a board of cooperative educational services (BOCES) located within the county must also file the county financial disclosure form. BOCES are formed as a result of a decision by the board of education and trustees of a supervisory school district to file with the Commissioner of Education a petition for the establishment of a BOCES to carry out a program of shared educational services. Education Law § 1950(1). Upon the establishment by the Commissioner of a BOCES, the members of the board of education and trustees elect a board of cooperative educational services. Id., § 1950(2). Thus, a BOCES is not a department or division of county government. County disclosure forms need not be filed by BOCES personnel.
We conclude that the board of trustees of the Fulton-Montgomery Community College must file financial disclosure forms as required by the counties and in compliance with sections 811 and 812 of the General Municipal Law.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.